IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LETHA FAYE BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 14-0307-CG-B |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Wal-Mart Stores, Inc.'s ("Defendant") motion for summary judgment. (Doc. 16). The Court gave Letha Faye Barnes ("Plaintiff") ample time to respond to the motion (Docs. 17, 20, 21), but she did not do so. After careful consideration and for the reasons set forth herein, Defendant's motion for summary judgment is due to be **GRANTED**.

I. FACTS

On August 14, 2013, Plaintiff went shopping at the Wal-Mart store in Bay Minette, Alabama. (Doc. 16, Exh. 1, p. 2). Plaintiff left the store after completing her purchase, but then returned to the store to use the restroom. (Doc. 16, Exh. 1, p. 2). After using the restroom, Plaintiff again walked through the store to leave. (Doc. 16, Exh. 1, p. 2). On her way out, she slipped and fell on the floor. (Doc. 16, Exh. 1, p. 2). Plaintiff did not see any water on the floor prior to her fall. (Doc. 16, Exh. 1, pp. 2 – 3). After she fell, Plaintiff claims she saw something that looked like water. (Doc.

16, p. 3). Plaintiff stated the water looked "clear with some foam on it, maybe." (Doc. 16, Exh. 1, p. 3). Plaintiff's daughter-in-law came in to the store shortly thereafter, and also testified that she saw clear water on the floor. (Doc. 16, Exh. 4, p. 4). Plaintiff did not see any Wal-Mart employees near the area prior to her fall. (Doc. 16, Exh. 1, p. 3).

Plaintiff initiated this lawsuit in state court on March 6, 2014 (Doc. 1, Exh. 2, p. 1), and Defendant removed it to federal court based on diversity jurisdiction. (Doc. 1). In her complaint, Plaintiff seeks judgment against Defendant for "past and future medical expenses, past and future pain, suffering, impairment, mental anguish, and past and future loss of wages and wage earning capacity." (Doc. 1, Exh. 2, p. 3). Defendant argues Plaintiff "did not state one single cause of action in her Complaint," but also notes Plaintiff alleged that Defendant "failed to correct or warn of an unreasonably dangerous condition" in the store. (Doc. 16, Exh. 1, pp. 3 – 4). Defendant moves for summary judgment on the basis that the "record is void of any evidence that Wal-Mart either created the spill or had actual notice of the spill on the floor prior to Plaintiff's fall." (Doc. 16, Exh. 1, p. 5).

## II. STANDARD OF REVIEW

The court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law applicable to the case determines what is material. Lofton v. Sec'y of Dep't of Children & Family Servs., 358 F.3d 804, 809 (11th Cir. 2004), cert. den., 534 U.S. 1081 (2005). If the

nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In evaluating the movant's arguments, the court must view all evidence and resolve all doubts in the light most favorable to the nonmovant. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds might differ on the inferences arising from undisputed facts, then [the court] should deny summary judgment." Hinesville Bank v. Pony Express Courier Corp., 868 F.2d 1532, 1535 (11th Cir. 1989) (citation omitted). The basic issue before the court then is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986). The mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. Lofton, 358 F.3d at 809.

III.  ANALYSIS

In this case, Defendant challenges the legal sufficiency of Plaintiff's claims in a comprehensive motion for summary judgment. (Doc. 16, Exhs. 1 – 5). Plaintiff did not respond to the motion. "There is no burden upon the district court to distill every potential argument that could be made based on the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are

3

deemed abandoned." Solutia, Inc. v. McWane, Inc., 672 F.3d 1230, 1239 (11th Cir. 2012) (quoting Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 598 (11th Cir. 1995)). This principle, therefore, compels dismissal of Plaintiff's claims.

The Court further concludes that Plaintiff appears to have correctly abandoned her claims. To prove negligence under these circumstances, a plaintiff must show that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or that defendant had actual notice, or that defendant was delinquent in not discovering and removing it. S.H. Kress & Co. v. Thompson, 103 So. 2d 171, 174 (Ala. 1957); see also Cook v. Wal-Mart Stores, Inc., 795 F. Supp. 2d 1269, 1273 (M.D. Ala. 2011) (discussing storekeeper liability pursuant to Alabama law in slip and fall cases). "In the absence of such proof, the plaintiff has not made out a *prima facie* case that the defendant was negligent in the maintenance of its floors." S.H. Kress & Co., 103 So. 2d at 174; accord Maddox By & Through Maddox v. K-Mart Corp., 565 So. 2d 14, 16 (Ala. 1990) (storekeeper is not an insurer of customer safety, and is liable for injury only if she negligently fails to use reasonable care in maintaining the premises in a reasonably safe condition).

Here, the record does not contain evidence that Defendant either created the spill or had notice of the spill on the floor prior to Plaintiff's fall. Plaintiff testified during her deposition that the she did not see the water before she fell, she did not know where it came from, she did not know how long it was on the floor, and she did not know if Defendant was aware of it. (Doc. 16, Exh. 3). Plaintiff also stated that apart from her footprint, the water appeared clean, so there is not an inference that

4

it was on the floor for a long period of time. (Doc. 16, Exh. 3, p. 8). Because Plaintiff did not respond to the motion for summary judgment or otherwise present any facts showing Defendant had knowledge or should have had knowledge that water was on the floor, Plaintiff has not made out a *prima facie* negligence case. As a result, the record does not support finding Defendant failed to warn Plaintiff about the water or neglected inspecting the store for dangerous conditions. The Court concludes Defendant is not liable for Plaintiff's unfortunate slip and fall.

## CONCLUSION

In light of the foregoing, Defendant's motion for summary judgment is **GRANTED**. (Doc. 16).

**DONE and ORDERED** this 16th day of April, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE